FILED
CLERK, U.S. DISTRICT COURT

October 22, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: _____TS_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

JOE CAMPOS,
                  Petitioner,

              v.

UNKNOWN,

                  Respondent.

No. SA CV 15-01587-CAS (DFM)

ORDER TO SHOW CAUSE

## A.    <u>Background</u>

On October 1, 2015, Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus by a Person in State Custody in this Court. Dkt. 1 ("Petition"). The Petition seeks to challenge Petitioner's October 20, 2011 conviction in Orange County Superior Court of being a felon in possession of a firearm for the benefit of, at the direction of, or in association with a criminal street gang and active participation in the criminal street gang. <u>Id.</u> at 2.[1]

---

[1] All citations to the Petition are to the CM/ECF pagination.

1   Petitioner is presently serving the 19-year sentence imposed in that case. Id.[2]

2        This case represents Petitioner's second attempt to challenge the October

3   20, 2011 conviction in this Court. On August 14, 2014, Petitioner filed a

4   Petition for Writ of Habeas Corpus by a Person in State Custody, Case No. SA

5   CV 14-01301-CAS (DFM) ("the First Action"). On August 18, 2014, this

6   Court dismissed the petition in the First Action because it appeared to contain

7   an unexhausted claim, Ground Four. The Petitioner was ordered to file a First

8   Amended Petition within thirty-five days. On October 23, 2014, this Court

9   issued a Report and Recommendation to the District Judge recommending

10   dismissal of the First Action without prejudice because Petitioner had not filed

11   a timely First Amended Petition. In response, on November 7, 2014, Petitioner

12   filed a letter indicating that he had filed a petition for habeas corpus in the state

13   courts to exhaust his remedies with respect to Ground Four. On November 20,

14   2014, this Court issued an order telling Petitioner that he may elect one of

15   three options: (1) file a notice of dismissal to dismiss Grounds One through

16   Three without prejudice; (2) file a First Amended Petition that includes

17   Grounds One through Four and simultaneously request that the Court stay the

18   First Amended Petition under Rhines v. Weber, 455 U.S. 269, 277 (2005); or

19   (3) file a First Amended Petition that includes Grounds One through Three

20   and seek a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). With

21   respect to the first and third options, the Court expressly cautioned Petitioner

---

22        [2] Petitioner is currently in the custody of the United States Marshal at
23   Santa Ana City Jail under a writ of habeas corpus ad prosequendum while he
24   awaits trial in a federal criminal case, United States v. Esquivel et al., Case No.
      SA CR 13-00168-AG. Legally speaking, however, he remains in state custody.
25   See Thomas v. Brewer, 923 F.2d 1361, 1367 (9th Cir.1991) ("When an accused
26   is transferred pursuant to a writ of habeas corpus ad prosequendum he is
      considered to be 'on loan' to the federal authorities so that the sending state's
27   jurisdiction over the accused continues uninterruptedly." (citation omitted)).
28

that he had one year from when his conviction became final on February 11, 2014, to file a timely habeas corpus petition in this Court, and that the Court could not guarantee that this one-year period would be tolled during any period that Petitioner attempted to present his unexhausted claims to the state courts. On December 15, 2014 Petitioner filed a notice of dismissal and the First Action was dismissed without prejudice.

**B.    The Petition Is Facially Untimely**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitations period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of four alternative accrual dates. See 28 U.S.C. § 2244(d)(1)(A)-(D). In most cases, including this one, the limitations period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the California Supreme Court denied Petitioner's petition for review on November 13, 2013. Petitioner does not appear to have filed a petition for writ of certiorari in the Supreme Court. Therefore, his conviction became final 90 days later, on February 11, 2014. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Petitioner then had one year from the date his judgment became final on February 11, 2014, or until February 11, 2015, to timely file a habeas corpus petition in this Court. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001). However, Petitioner did not file the instant action until October 1, 2015, more than 7 months too late.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C) because none of

3

the claims alleged in the Petition appear to be based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D) because it appears from the face of the Petition that Petitioner was aware of the factual predicate of all his claims at the time of his trial in 1995. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

**C.    It Does Not Appear that Petitioner Is Entitled to Sufficient Statutory Tolling to Make the Petition Timely**

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The entire period of time for a full round of collateral review, from the filing of a first state habeas petition to the time the last state habeas petition is denied, may be deemed "pending" and tolled, so long as the state petitioner proceeds in a hierarchical order from one lower state court to a higher state court. See Carey v. Saffold, 536 U.S. 214, 223 (2002). This includes so-called "gap tolling" for the periods of time between such state habeas petitions. Id.

As noted above, Petitioner's conviction became final on February 11, 2014. The Petition indicates that Petitioner filed his state habeas petition in the Orange County Superior Court in September  2014. See Petition at 3. The Petition also indicates that this state habeas petition was denied on November 19, 2014. See id. at 4. If the Court assumes that Petitioner filed his state habeas

4

petition on September 1, 2014, the longest period of statutory tolling to which Petitioner is entitled is from September 1, 2014, to November 19, 2014. This period alone is insufficient to make timely his Petition filed on October 1, 2015. It thus appears that even with statutory tolling, the Petition remains barred by AEDPA's one-year limitations period.

**D.   Petitioner Does Not Appear to Be Entitled to Any Equitable Tolling**

The Supreme Court has held that AEDPA's one-year limitations period is also subject to equitable tolling in appropriate cases. See Holland v. Florida, 560 U.S. 605, 645 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently; and (2) that "some extraordinary circumstance stood in his way." See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Holland, 560 U.S. at 649. Here, Petitioner does not allege that any circumstances exist which would establish a right to equitable tolling.

**E.   Conclusion**

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

///
///
///
///
///
///

IT THEREFORE IS ORDERED that, on or before November 20, 2015, Petitioner show cause in writing as to why the Court should not recommend that this action be summarily dismissed with prejudice on the ground of untimeliness.

Dated: October 22, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge